## DeMott v. Bayus

*T. G. Wadzinski* and *Henry Gordon,* for plaintiff.
*Albert B. Carrozza,* for defendant.

VALENTINE, P. J., January 25, 1943.—The transcript of the justice shows that both parties to this action reside in Luzerne County, plaintiff in the Borough of Kingston and defendant in the Borough of Wyoming. Plaintiff's cause of action is set forth as follows:

"Plaintiff being duly sworn claims the sum of one hundred and twenty-one dollars and 45/100 for damages done by the defendant at the intersection of Gates avenue and Market street, Kingston borough, Luzerne county, Pennsylvania, on May 16, 1942, at or about the hour of 8:15 p. m."

While the transcript does not set forth the facts in detail, the exhibits attached to the return of the magis-

trate show that plaintiff's claim was for damages allegedly sustained as the result of an automobile collision.

The exceptions complain that the justice had no jurisdiction because:

"(*a*) No receipted, sworn bill for repairs was produced.

"(*b*) The action for automobile damages exceeded $100.

"(*c*) The transcript fails to set forth the evidence upon which the judgment is founded.

"(*d*) The transcript and summons fail to show the cause of action originating in Luzerne county."

Section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §738, provides:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent; or said action may be brought in the court of common pleas of said county . . . No action involving more than one hundred dollars ($100.00) shall be brought before any magistrate, alderman or justice of the peace."

This section applies only to cases where the defendant is a nonresident of the county in which the damages were sustained, and does not repeal the provision contained in the Act of July 7, 1879, P. L. 194, 42 PS §241, that aldermen, magistrates, and justices of the peace shall have jurisdiction in all actions of trespass wherein the sum demanded does not exceed $300, and where defendant resides in the county in which suit is brought the jurisdiction of the justice is not limited to $100: Wenger v. Dull, 10 D. & C. 163; Wasilewski v. Search, 25 Luz. Leg. Reg. 71; Ochall v.

Dvorak, 13 D. & C. 19. In Ochall v. Dvorak, supra, it is said (p. 20):

". . . by judicial construction, the conclusion has been reached, and on principle seems sound, that this section [1208 of The Vehicle Code] applies only in cases in which the defendant is a non-resident of the county wherein the alleged damages were sustained. The provision relative to suits before justices of the peace was not necessary in order to give such officers jurisdiction of an action such as is involved in the present case. . . . a justice of the peace would (under the Act of 1879) have jurisdiction of such a cause of action wherein the claim did not exceed $300."

The authorities ruling the question here involved are collated in the course of the opinion in Ochall v. Dvorak, as follows:

"In Sharp v. Boyer, 6 D. & C. 597, Judge Stotz reached the conclusion that section 30 of the Act of 1923, *supra*, did not repeal the provision contained in the Act of July 7, 1879, *supra*, that aldermen, magistrates and justices of the peace shall have concurrent jurisdiction with the Court of Common Pleas of all actions of trespass not exceeding $300. In Petros v. Crawl, 74 Pitts. L. J. 55, Judge Jones reached the same conclusion, as did Judge Rowland in Smith v. Algeo, 74 Pitts. L. J. 224; and in Wenger v. Dull, 10 D. & C. 163, Judge Hassler decided that the $100 limitation in section 30 of the Act of 1923, *supra*, applied only to suits against non-resident defendants, and that a justice of the peace had jurisdiction in a suit to recover $150 damages for injury to the plaintiff's automobile by collision.

"Again, in the recent case of Wasilewski v. Search, 25 Luzerne Legal Reg. 71, Judge Fine held that the section in question had no application where defendant sued for damages resided in the county where suit was brought, and that in such case the jurisdiction of

the alderman or justice of the peace was not limited to $100."

Exceptions dismissed and the judgment of the justice affirmed.